Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 190626-15168
DATE: July 14, 2021

ORDER

Entitlement to compensation, pursuant to the pro

visions of 38 U.S.C. § 1151 and 38 C.F.R. § 3.310, for disfigurement of the face on a secondary basis is denied.

Entitlement to compensation, pursuant to the provisions of 38 U.S.C. § 1151 and 38 C.F.R. § 3.310, for an acquired psychiatric disorder, to include other specified depressive disorder and recurrent brief depression with mild alcohol use disorder on a secondary basis is denied.

FINDING OF FACT

The Veteran has not established entitlement to compensation for a disease or injury under 38 U.S.C. § 1151, so entitlement to compensation on a secondary basis for disfigurement of the face and an acquired psychiatric disorder cannot be established.

CONCLUSIONS OF LAW

1. The criteria for entitlement to compensation, pursuant to the provisions of 38 U.S.C. § 1151 and 38 C.F.R. § 3.310, for disfigurement of the face on a secondary basis have not been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. §§ 3.102, 3.310, 3.361, 17.32; VAOPGCPREC 8-97 (Feb. 11, 1997), 62 Fed. Reg. 15567 (1997).

2. The criteria for entitlement to compensation, pursuant to the provisions of 38 U.S.C. § 1151 and 38 C.F.R. § 3.310, for an acquired psychiatric disorder on a secondary basis have not been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. §§ 3.102, 3.310, 3.361, 17.32; VAOPGCPREC 8-97 (Feb. 11, 1997), 62 Fed. Reg. 15567 (1997).

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served on active duty in the United States Army from August 1982 to August 1984. He also had additional service of an unverified nature and duration in the Army Reserves. 

This appeal comes to the Board of Veterans' Appeals (Board) from a rating decision, dated June 2019, issued by the Department of Veterans Affairs (VA) Regional Office (RO). In its decision, the RO denied service connection for disfigured face as secondary to lump on neck and service connection for other specified depressive disorder, recurrent brief depression with mild alcohol use disorder as secondary to lump on neck because the lump on the neck was not service connected. The Veteran's VA Form 10182, Decision Review Request: Board Appeal was received in June 2019. The Veteran elected the Evidence Submission docket.

In April 2020, the Board denied the claim. The Veteran appealed to the Court of Appeals for Veterans Claims (CAVC or Court). In a March 2021 Order, the Court vacated the Board's April 2020 decision and remanded the matter pursuant to a March 2021 Joint Motion for Remand (JMR). Specifically, the Parties agreed that the Board failed to provide an adequate statement of reasons and bases for its decision when it failed to address the Veteran's explicitly raised argument that he is entitled to benefits based on a theory under 38 U.S.C. § 1151.

1. Entitlement to service connection for disfigured face as secondary to lump on neck is denied.

2. Entitlement to service connection for an acquired psychiatric disorder, to include other specified depressive disorder and recurrent brief depression with mild alcohol use disorder as secondary to lump on neck is denied.

The Veteran contends that he has a disfigurement of the face and an acquired psychiatric disorder which are caused by a lump on his neck, which he contends was the result of a VA medical professional's prescription for Lisinopril. See February 2019 VA Form 21-526EZ Fully Developed Claim; see also March 2021 lay statement. Notably, the Board previously denied entitlement to VA benefits under 38 U.S.C. § 1151 for a neck mass, diagnosed as a submandibular lipoma and multinodular goiter, in a March 2020 decision. 

Secondary service connection may be granted for a disability that is proximately due to, or aggravated by, a service-connected condition. 38 C.F.R. § 3.310.

Accordingly, pursuant to the provisions of 38 U.S.C. § 1151 and 38 C.F.R. § 3.310, compensation may be awarded in the same manner "as if" service connected, for any secondary condition that was caused or aggravated by an original section 1151 disease or injury. VAOPGCPREC 8-97 (holding that disability compensation may be paid, pursuant to 38 U.S.C. § 1151 and 38 C.F.R. § 3.310, for disability which is proximately due to or the result of a disability for which compensation is payable under section 1151).

In this case, the Veteran is neither eligible for nor entitled to compensation that is payable pursuant to 38 U.S.C. § 1151 for his neck mass, diagnosed as a submandibular lipoma and multinodular goiter. As noted above, the Veteran's claim of entitlement to § 1151 benefits for a lump on neck was denied in a March 2020 final Board decision. The Veteran has not advanced any other theory of entitlement. 

The Veteran has not claimed that Lisinopril directly caused his acquired psychiatric disorder, but rather that the lump on his neck caused or contributed to his acquired psychiatric disorder. See e.g. February 2019 VA Form 21-526EZ Fully Developed Claim. While the Veteran does contend that his claimed "disfigured face" is secondary to Lisinopril, the medical evidence of record indicates that the Veteran does not have any scars or skin disorders affecting his face other than lipoma of the left anterior neck. See e.g. February 2019 Skin Diseases VA examination and February 2019 Scars/Disfigurement VA examination. As noted above, entitlement to § 1151 benefits for this disability was denied in the March 2020 Board decision. The Board also acknowledges that the issue of entitlement to § 1151 benefits for COPD is currently on appeal but notes that the Veteran has not claimed, and the evidence does not suggest, that his claimed facial disfigurement or acquired psychiatric disability are secondary to COPD.

Accordingly, entitlement to compensation, pursuant to the provisions of 38 U.S.C. § 1151 and 38 C.F.R. § 3.310, for disfigurement of the face and/or acquired psychiatric disorder claimed as secondary to an original section 1151 disease or injury is not warranted and must be denied due to a lack of legal entitlement under the law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

 

TIFFANY HANSON

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Modesto, Victor

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.